No. 26,143.

H. D. WOLCOTT, *Appellee*, v. JENNIE STEWART et al., *Appellants;*
and ADDIE HOUSE et al., *Appellants*, v. CHARLES PHILLIPS et al.,
*Appellees.*

SYLLABUS BY THE COURT.

DEPOSITS IN COURT—*Distribution—Persons Entitled to Fund.* The proceed-
ings preliminary to an order disposing of a fund paid into court by a re-
ceiver of property, and the order itself, examined and held to be without
error.

Appeal from Sedgwick district court, divisions Nos. 1 and 3; THOMAS E.
ELCOCK and JESSE D. WALL, judges. Opinion filed October 10, 1925. Affirmed.

*T. A. Noftzger, George W. Cox, R. L. Nesmith* and *W. J. Masemore,* all of
Wichita, for the appellants.

*Andrew G. Washbon,* of Wichita, for appellee Charles Phillips.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action brought by Addie House and
others against Charles Phillips and others to obtain certain rentals
which had been deposited in court pending a litigation respecting
the ownership of real estate, an order was made that the money be
paid to Phillips. Mary H. Trousdale, one of the contending parties,
appeals.

It appears that an action was brought by H. D. Wolcott against
Jennie Stewart *et al.* to quiet title to three city lots in Wichita.
Pending that action a receiver was appointed to collect the rents and
income of the property, and he collected a sum of money which after
paying the expenses of receivership amounted to $170, and on order
of the court this amount was paid to the clerk of the district court.
A referee was appointed to try the issues, and he reported that a
conveyance by Mary H. Trousdale was obtained by fraudulent
representations and without consideration, and was therefore in-
valid. A motion to confirm the report was transferred to another di-
vision of the district court and was there confirmed. However, it
appears that the Wolcott case was dismissed for the reason that
parties had failed to observe an order of the court requiring them to
pay money in for the expenses of the reference. Charles Phillips
was not a party to that proceeding and of course was not bound
by the action taken therein. While that action was in progress the

1. Deposits in Court, 18 C. J. § 39.

present action was begun by Addie House and Mary H. Trousdale, in which Phillips was made a defendant, and it also involved the title of the lots and the rights of the parties therein. In the House case against Phillips it was adjudicated that the real estate was the property of Phillips, but that it was subject to a trust impressed thereon in favor of the plaintiffs for $2,725. It was determined that that sum was a part of the required proceeds received from the sale of the property for which Phillips was required to account to plaintiffs.

It was further found that there was no trust impressed on the rents arising from the use of the property which had been paid into the district court. No appeal was taken from this decision of the trial court. On the motion in question for the disposition of the $170 paid in as rentals it held that Phillips, the owner, was entitled to the same and that was the order made.

It is argued that as the deposit was made in the Wolcott case and in another division of the court, there was no authority to dispose of the deposit. Both actions were in the same court and both related to the ownership and rights of the parties in the real estate. In the second action, which proceeded to final judgment, all the interested parties were brought into court and it devolved on that court to make a complete disposition of the case. It is immaterial that some steps in the litigation were in one division of the court and some in another, as all the divisions constituted a single court. The fact that the litigation passed through more than one division or that the judge who made the order was not the one who tried the merits of the action did not impair the validity of the order. The fund in question was brought into the custody of the court and it was its duty to direct that it be paid to the parties entitled to it. In the judgment, from which no appeal was taken, it was determined that Phillips was the owner of the property and was therefore entitled to the rentals of the same while it was withheld from his possession. A trust was imposed on the property itself, but the court found that it was not imposed on the rental fund. As the court had authority to dispose of the fund growing out of the litigation which had been placed in its custody, we discover no lack of authority to order it to be paid to the one adjudged to be the owner. All the contending parties had notice of the application and were before the court when the order was made.

Finding no error in the proceedings, the judgment is affirmed.